978 So.2d 228 (2008)
Brian David PROFITT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-352.
District Court of Appeal of Florida, Fourth District.
April 2, 2008.
*229 Carey Haughwout, Public Defender, and John Pauly, Jr., Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Profitt appeals his conviction of burglary of an occupied dwelling. We reverse for an abuse of discretion in failing to sustain a defense objection to an incorrect statement of law in the state's closing argument.
Taking the facts in the light most favorable to the trier of fact, at approximately 11 a.m., Profitt was a passenger in a car with two other men. Clay Dowell, Profitt's co-defendant, was a passenger in the same car. The car stopped at a house where eleven-year-old A.P. was alone. A.P. heard either the knock on the door, or a ring of the doorbell, and went to a room that overlooks the driveway. Observing a stranger walk to the side of the house and to a car in the driveway, A.P. became alarmed and called her father. The father directed A.P. to write down the car's license plate number. While on the phone with her father, A.P. heard the front door open and then heard footsteps inside the house. She screamed into the phone that somebody is in the house, causing the intruder to run away. She saw someone run from the house and enter the car as a passenger.
Shortly thereafter, A.P. and her father drove to a gas station where the police had stopped the suspects. The license plate of the car matched all but one of the characters that A.P. wrote down. Recognizing the car and the person she had seen, A.P. identified Profitt to the deputies. At trial, however, A.P. could not identify Profitt as the intruder.
Profitt claimed that he was not the intruder. His co-defendant, Dowell, testified for the state, recounting that Profitt had directed the car to A.P.'s residence and was the intruder.
In cross-examining Dowell, Profitt's counsel attempted to impeach the witness by inquiring into his plea deal with the state to save himself from a potential life sentence. In closing, commenting on A.P.'s testimony, Profitt's counsel argued that "[A.P.] did not identify Brian Profitt as being the person that did this."
Subsequently, the prosecutor made his closing arguments, where, referring to A.P.'s "show-up" identification, he explicitly told the jury that "out of court identification under Florida law is considered to be a stronger identification then [sic] if she can't do it now." A defense objection to this assertion of law was overruled. The prosecutor again stated, "[t]hat  that's what the case law in Florida says. The day of the crime identification"  at which point he was stopped by the court: "Mr. Regan, do not argue case law, please." There were also other improper state arguments *230 to some of which the trial court sustained objections and to some of which no objection was made.
It was patently a false statement of the law to advise the jury that "under Florida law" an out-of-court identification by a witness is "considered to be a stronger identification" than at a subsequent in-court identification. This incorrect statement of law was then given a stamp of approval by the trial court's overruling the defense objection. The trial court, thus, abused its discretion in overruling the defense objection.
We recognize that a show-up identification is well recognized as admissible evidence, and certainly the strength and reliability of this evidence can be argued to the jury. But arguing reliability is a far cry from advising the jury outright that the law deems such evidence inherently more reliable than in-court identification or inability to make an in-court identification. Cf. Carroll v. Dodsworth, 565 So.2d 346, 348-49 (Fla. 1st DCA 1990) (finding that the trial court abused its discretion in allowing an objected-to voir dire question and that "[t]he damage was compounded by the trial court's overruling of plaintiffs' timely objection and allowing defense counsel to repeat his improper question").
Applying State v. DiGuilio, 491 So.2d 1129 (Fla.1986), we cannot conclude that this prejudicial misstatement of law on the key identification, coupled with other improper comments in closing, was harmless. Therefore, we reverse and remand for a new trial.
WARNER and GROSS, JJ., concur.